| STATE OF LOUISIANA | * | NO. 2024-KA-0244 |
| VERSUS | * | COURT OF APPEAL |
| KENDALL GORDON | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**HERMAN, J. DISSENTS AND ASSIGNS REASONS**

KKH

I respectfully dissent from the majority and would affirm the trial court's decision to deny Kendall Gordon's petition for wrongful conviction compensation.

In reviewing an application for compensation for wrongful conviction pursuant to La. R.S. 15:572.8, an appellate court "must afford great weight to the findings of the trier of fact and apply the manifest error standard." *State v. Ruano*, 2019-0709, p. 4 (La. App. 4 Cir. 3/4/19), 294 So. 3d 44, 46 (citing *State v. Ford*, 50,525, p. 5 (La. App. 2 Cir. 5/18/16), 193 So.3d 1242, 124).

La. R.S. 15:572.8(A)(2) requires proof of factual innocence by clear and convincing evidence for the petitioner to be entitled to compensation. Therefore, to meet this burden of proof, Gordon had to show that it was "highly probable or much more probable than not" that he did not commit the crime for which he was convicted. *Jones v. State*, 2022-01455, p. 6 (La. 5/5/23), 362 So. 3d 341, 345

The DNA analysis expert, David Hansen, testified that he could not exclude Gordon as a possible DNA contributor to the firearm, magazine, and shell casings and thus the DNA evidence did not exonerate Gordon as a perpetrator. Additionally, there are credibility issues regarding the recantation of the surviving victim, Darceleen Comadore, who initially identified Gordon as one of the perpetrators. Accordingly, I find that the trial court did not err in concluding that

Gordon failed to establish by clear and convincing evidence that he is factually innocent of the crime for which he was convicted.